# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:17-CV-467-PPS-MGG |
| SGT. MILLER, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Christopher L. Scruggs, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983 against nine officials at the Westville Correctional Facility (Westville). Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Scruggs alleges that on November 4, 2016, he observed Sgt. Miller handling food in an unsanitary manner. Scruggs told Lt. Creasy, Capt. Earheart, and Director Salery about Sgt. Miller's actions, but nothing was done. Scruggs then began telling visitors, filing grievances, and even went on a hunger strike to protest Sgt. Miller's

1

handling of food.

On November 14, 2016, Scruggs was taken into a hallway where Sgt. Miller and Sgt. SinClair were waiting for him. When Scruggs entered the hallway, Sgt. Miller and Sgt. SinClair told him that he "would learn to keep his mouth closed." ECF 2 at 3. Miller and SinClair then proceeded to attack Scruggs. During this time, C.O. Washington, C.O. Peterson and an unidentified officer were present, watched the events unfold and did nothing to stop the attack. Then, at the direction of Capt. Earheart, Complex Director Salery, Superintendent Seiver, and Assistant Superintendent Payne, Scruggs was placed into a filthy cell and denied his personal effects, in retaliation for him speaking about Sgt. Miller's actions. Scruggs sues Sgt. Miller, Sgt. SinClair, C.O. Washington, C.O. Peterson, Capt. Earheart, Director Salery, Superintendent Seiver, Assistant Superintendent Payne, and the unidentified officer for money damages.

To start, Scruggs sues Sgt. Miller and Sgt. SinClair for using excessive force when they attacked him on November 14, 2016. Scruggs alleges that these officers assaulted him simply because they were upset that he complained about Sgt. Miller's handling of food ten days earlier. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotation marks omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner.

2

*Id.*

Here, giving Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that these defendants used force maliciously and sadistically to cause him harm. Thus, Scruggs has alleged enough to proceed on this claim against Sgt. Miller and Sgt. SinClair.

Next, Scruggs sues C.O. Washington C.O. Peterson and an unidentified officer for failing to intervene in the sergeants' use of excessive force. "Police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle that this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496, 505-506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

Giving Scruggs the inferences to which he is entitled at this stage, he alleges a plausible claim that C.O. Washington and C.O. Peterson knew that the other officers were engaging in excessive force, had an opportunity to prevent them from using more force than was necessary under the circumstances, and nevertheless failed to intervene. Although further factual development may show that these defendants acted reasonably under the circumstances, or did not have a realistic opportunity to intervene, Mr. Scruggs has alleged enough to proceed on this claim against C.O. Washington and

C.O. Peterson. However, the unidentified officer must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If at some point in the future Scruggs can identify and name or identify this defendant by some other means, then he can attempt to amend his complaint at that time.

Finally, Scruggs sues Capt. Earheart, Director Salery, Superintendent Seiver and Assistant Superintendent Payne, for ordering him to be placed into a filthy cell and denied his personal effects in retaliation for him speaking about Sgt. Miller's handling of food."To prevail on his First Amendment retaliation claim, [Scruggs] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

Here, Scruggs's complaints about food safety conditions at the prison, if true, could constitute protected speech. Based on the allegations contained in the complaint, these defendants made the decision to place him in a filthy cell and deprive him of his personal effects based on his protected speech. Though further fact finding may reveal otherwise, Scruggs has adequately plead his retaliation claim.

ACCORDINGLY:

(1) Scruggs is **GRANTED** leave to proceed on a claim against Sgt. Miller and Sgt. SinClair in their individual capacities for compensatory and punitive damages for using excessive force against him on November 14, 2016, under the Eighth Amendment;

(2) Scruggs is **GRANTED** leave to proceed against C.O. Washington and C.O. Peterson in their individual capacities for monetary damages for failing to intervene in Sgt. Miller and Sgt. SinClair's use of excessive force on November 14, 2016, under the Eighth Amendment;

(3) Scruggs is **GRANTED** leave to proceed against Capt. Earheart, Director Salery, Superintendent Seiver and Assistant Superintendent Payne in their individual capacities for compensatory and punitive damages for retaliating against him by having him placed in an unsanitary cell and depriving him of his personal effects for his complaining about the food safety conditions of the jail, in violation of the First Amendment;

(4) John Doe is **DISMISSED** as a defendant;

(5) any and all other claims contained in the complaint are **DISMISSED**;

(6) the Clerk and the United States Marshals Service are **DIRECTED** to issue and serve process on Sgt. Miller, Sgt. SinClair, C.O. Washington, C.O. Peterson, Capt. Earheart, Director Salery, Superintendent Seiver, Assistant Superintendent Payne at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d); and

(7) Sgt. Miller, Sgt. SinClair, C.O. Washington, C.O. Peterson, Capt. Earheart, Director Salery, Superintendent Seiver, Assistant Superintendent Payne are **ORDERED** to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on March 19, 2018.

/s Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT