UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:17-CV-467-PPS-MGG |
| SGT. MILLER, et al., | |
| Defendants. | |

<u>OPINION AND ORDER</u>

Christopher Scruggs is serving a sentence in the Indiana Department of Corrections and is proceeding on claims in this case against a number of correctional staff: (1) Sgt. Miller and Sgt. SinClair for using excessive force against him on November 14, 2016; (2) Corrections Officer Washington and C.O. Peterson for failing to intervene in Sgt. Miller and Sgt. SinClair's use of excessive force on November 14, 2016; (3) Capt. Earhart,[1] Director Salyer,[2] Superintendent Seiver, and Assistant Superintendent Payne for retaliating against him by having him placed in an unsanitary cell and depriving him of his personal effects for his complaining about the food safety conditions of the jail; and (4) Sgt. Miller and Sgt. SinClair in their individual capacities for compensatory and punitive damages for retaliating against him by assaulting him on November 14, 2016, for complaining about the food safety conditions of the jail. ECF 10; ECF 49.

---

[1] While sued as Captain Earheart, he will be referred to by the correct spelling of his name in this order.
[2] While sued as Director Salery, he will be referred to by the correct spelling of his name in this order.

On December 9, 2016, Scruggs filed a formal grievance that named Captain Earhart and Director Salyer. ECF 224 at 3-4. That grievance was labeled as a "Notice of Law Suit" and it requested video evidence "for court." *Id.* While about twenty hours of video was produced during discovery, not all of the requested video was preserved. According to Scruggs, portions of the missing video would have been used to prove his claim that Captain Earhart, Director Salyer, Superintendent Seiver, and Assistant Superintendent Payne placed him in an unsanitary cell and deprived him of his personal effects in retaliation for complaining about food safety at the prison. ECF 224 at 2. Captain Earhart and Director Salyer were ordered to show cause why the video was not preserved. ECF 266. In addition, Scruggs moved for sanctions in the form of a default judgment or adverse jury instruction. ECF 276. Those are the matters that are presently before me.

## Discussion

Under the Federal Rules of Civil Procedure, parties must preserve electronic documents, such as videos, for anticipated litigation and failing to preserve these documents may lead to sanctions. Fed. R. Civ. P. 37(e). "[A] spoilation sanction [is] proper only where a party has a duty to preserve evidence [when he knows], or should have known, that litigation was imminent." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). A showing of bad faith requires more than just the documents were intentionally destroyed, like destroying evidence to hide adverse information, which "is a prerequisite to imposing sanctions for the destruction of evidence." *Id.*; *see also Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir.

2

1998). Here, the sanctions that Scruggs requests require a showing of bad faith. As the Seventh Circuit has noted:

> The exercise of either power requires the court to find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations. Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith.

*Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Indeed, even the lesser sanction of an adverse inference instruction requires a showing of bad faith. *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013) ("In this circuit, when a party intentionally destroys evidence in bad faith, the judge may instruct the jury to infer the evidence contained incriminatory content."); *Everett v. Cook Cty.*, 655 F.3d 723, 727 (7th Cir. 2011) ("[I]n order to draw an inference that the absent documents contained negative information, Everett must show that the documents were intentionally destroyed in bad faith."). While the Sixth and Ninth Circuits have less stringent standards, the Seventh Circuit has refused to endorse that approach and emphasizes that the burden of demonstrating bad faith rests on the party seeking sanctions. *Bracey*, 712 F.3d at 1020.

Here, the record demonstrates that, on November 18, 2016, Captain Earhart responded to an informal grievance filed by Scruggs that requested video evidence be preserved. ECF 270-2 at ¶ 5. In his response, Captain Earhart told Scruggs to write to internal affairs for the video. *Id.* This is Captain Earhart's usual practice. ECF 270-2 at ¶ 12. On November 24, 2016, Scruggs directed another informal grievance to Captain Earhart. ECF 270-1 at 7-8. The body of the informal grievance does not request video.

However, at the top of the form, Scruggs wrote "Second Informal" and "Notice of Lawsuit," and he requested that video be retained. *Id.* Captain Earhart responded to the informal grievance on December 2, 2016, without addressing the request that video be preserved. *Id.* at 7. On December 3, 2016, Scruggs completed the bottom of the informal grievance form, indicating that he disagreed with Captain Earhart's response. *Id.* Because of differences in handwriting, the defendants suggest that perhaps Scruggs included the request for video when he completed the bottom portion of the form on December 3, 2016, rather than when he initially submitted it on November 24, 2016. In either event, Captain Earhart states in his affidavit that he never possessed or destroyed video related to this incident. ECF 270-2 at ¶¶ 13-14.

In Scruggs's motion, he contends that defendants acted in bad faith by "destroying evidence or simply stating they no longer have the video." ECF 276. Scruggs states that he sent copies of the informal grievance to Captain Earhart, Director Salyer, and several other people in order to give notice to defendants of the lawsuit and, impliedly, for them preserve the video. ECF 270-3 at 32-34. He further states that the policies require defendants to preserve electronic information and not doing so equates to bad faith. ECF 276.

The defendants' response to the order to show cause is not particularly enlightening. In a nutshell, counsel asserts that Director Salyer was not involved and Captain Earhart did not preserve the video because he did not believe it was his job. If the informal grievance did indeed contain a request for video evidence prior to being submitted to Captain Earhart, then I am not convinced that he had no obligation to act

4

beyond directing Scruggs to internal affairs on a prior occasion. But in all events, what I do not see in the record before me is any evidence of bad faith.

Scruggs believes that the preservation of part of the video he requested shows knowledge of his request and that this demonstrates bad faith. That is quite a leap. *Bracey*, 712 F.3d at 1020 ("Simply establishing a duty to preserve evidence or even the negligent destruction of evidence does not automatically entitle a litigant to an adverse inference instruction in this circuit."). Scruggs further argues that bad faith is demonstrated by the omission of what Scruggs believes to be the most important portions of the requested video. He asserts that the video, if it had been preserved, would have shown that the toilet was full of excrement. It would have shown Scruggs talking to officers and pointing to the toilet. And, it would have shown him covering his nose with his shirt because of the stench. Even if he is correct about what the video would have depicted—and how he knows exactly what the video would have captured, he does not explain—it is again too big of a leap to conclude from the relevance of the lost portions that the video evidence was destroyed by the defendants (or, as Scruggs urges, Internal Affairs, as the agent of the defendants) in bad faith.

Scruggs's argument is based on nothing more than speculation. The requested sanctions—whether entry of judgment or an adverse jury instruction—require more. Scruggs has not sustained his burden of demonstrating bad faith, and his motion for sanctions must therefore be denied. All of the defendants and their counsel are, however, **ADMONISHED** that, when an inmate alerts them to the need to preserve

5

evidence for litigation (whether before or after a complaint has been filed), they have an affirmative obligation to take prompt steps to ensure that evidence is preserved.

## Conclusion

For these reasons, the court:

(1) **DISCHARGES** the show cause order (ECF 266);

(2) **DENIES** Christopher L. Scruggs's motion for sanctions (ECF 276); and

(3) **REMINDS** the Defendants that the deadline to file any dispositive motions is fourteen days from the date of this order (ECF 269).

SO ORDERED on March 8, 2021.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT