UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:17-CV-467-PPS-MGG |
| SGT. MILLER, et al., | |
| Defendants. | |

OPINION AND ORDER

After screening Christopher L. Scruggs's complaint as required by 28 U.S.C. § 1915A, I granted him leave to proceed on claims against: (1) Sgt. Miller and Sgt. SinClair for using excessive force against him on November 14, 2016; (2) C.O. Washington and C.O. Peterson for failing to intervene in Sgt. Miller and Sgt. SinClair's use of excessive force on November 14, 2016; (3) Capt. Earhart,[1] Director Salyer,[2] Superintendent Seiver, and Assistant Superintendent Payne for retaliating against him by having him placed in an unsanitary cell and depriving him of his personal effects for his complaining about the food safety conditions of the jail; and (4) Sgt. Miller and Sgt. SinClair in their individual capacities for compensatory and punitive damages for retaliating against him by assaulting him on November 14, 2016, for complaining about the food safety conditions of the jail. ECF 10; ECF 49. The defendants have now filed a motion pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings, asserting

---

[1] While sued as Captain Earheart, he will be referred to by the correct spelling of his name in this order.
[2] While sued as Director Salery, he will be referred to by the correct spelling of his name in this order.

that Scruggs did not plead sufficient facts to support his allegations that C.O. Washington and C.O. Peterson failed to intervene in Sgt. Miller and Sgt. SinClair's use of excessive force on November 14, 2016 or that Capt. Earhart, Director Salyer, Superintendent Seiver, and Assistant Superintendent Payne retaliated against him by having him placed in an unsanitary cell and depriving him of his personal effects for his complaining about the food safety conditions of the jail. The defendants also assert that they are entitled to qualified immunity on these claims for the same reasons.

    While the motion is brought pursuant to Federal Rule of Civil Procedure 12(c), I must apply the same standard that is applied to motion pursuant to Federal Rule of Civil Procedure 12(b)(6). *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Given that the court screens prisoner cases in part under a Rule 12(b)(6) standard, the motion is akin to a motion to reconsider, which is generally disfavored absent a manifest error of law or fact. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). Treated either as a motion to reconsider or a Rule 12(b)(6) motion, the operative standard for this pleading stage remains dispositive nonetheless: the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Consistent with this standard, the court construes all reasonable inferences in Scruggs's favor.

    In my screening order (ECF 10), entered more than three years ago, I summarized Scruggs's allegations in part as follows:

2

> [O]n November 4, 2016, [Scruggs] observed Sgt. Miller handling food in an unsanitary manner. Scruggs told Lt. Creasy, Capt. Earheart, and Director Salery about Sgt. Miller's actions, but nothing was done. Scruggs then began telling visitors, filing grievances, and even went on a hunger strike to protest Sgt. Miller's handling of food.
> On November 14, 2016, Scruggs was taken into a hallway where Sgt. Miller and Sgt. SinClair were waiting for him. When Scruggs entered the hallway, Sgt. Miller and Sgt. SinClair told him that he "would learn to keep his mouth closed." ECF 2 at 3. Miller and SinClair then proceeded to attack Scruggs. During this time, C.O. Washington, C.O. Peterson and an unidentified officer were present, watched the events unfold and did nothing to stop the attack. Then, at the direction of Capt. Earheart, Complex Director Salery, Superintendent Seiver, and Assistant Superintendent Payne, Scruggs was placed into a filthy cell and denied his personal effects, in retaliation for him speaking about Sgt. Miller's actions.

ECF 10 at 1-2.

In analyzing Scruggs's allegations that C.O. Washington and C.O. Peterson failed to intervene in the sergeants' use of excessive force, I noted that "[p]olice officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so [may be] held liable." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (referencing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). I found that, when Scruggs is given the inferences to which he is entitled at the screening stage, he alleged a plausible claim that C.O. Washington and C.O. Peterson knew that the other officers were engaging in excessive force, had an opportunity to prevent them from using more force than was necessary under the circumstances, and nevertheless failed to intervene. ECF 10 at 2. I acknowledged that further factual development may show that these defendants acted reasonably under the circumstances, or did not have a realistic opportunity to intervene, but I found that Mr. Scruggs had alleged enough to proceed on this claim. *Id.* at 2-3.

3

In their motion for judgment on the pleadings, the defendants assert that the "facts as pled fail to establish a sufficient causative basis for personal liability." ECF 285 at 5. They assert that there is a lack of facts showing a realistic opportunity to prevent the use of force. *Id.* Defendants fault Scruggs for not specifying what the officers were doing or whether it was possible for them to intervene. *Id.* Defendants note that it is plausible that C.O. Washington and C.O. Peterson were engaged with another offender, tending to a medical emergency with another offender, could not see the purported assault, or that there was insufficient time for them to react. *Id.* at 6. All these things are indeed plausible. However, the plausible inferences go to Scruggs, not the defendants. Here, I found that, based on Scruggs's allegation that C.O. Washington and C.O. Peterson were present, watching the events unfold, and did nothing to stop the attack, it was reasonable to infer that they had an opportunity to prevent the use of excessive force. The complaint alleges that the other officers "watched as lookouts." ECF 2 at 4. This suggests the officers were aware of what was going on and not otherwise engaged with a task that prevented them from intervening. The defendants have pointed to no manifest error of law or facts in the screening order, and I thereby stand by my determination that Scruggs pled sufficient facts to state a claim against C.O. Washington and C.O. Peterson for failure to intervene.

In regard to Scruggs's allegations that Capt. Earheart, Director Salery, Superintendent Seiver and Assistant Superintendent Payne, ordered him to be placed into a filthy cell and denied his personal effects in retaliation for him speaking about Sgt. Miller's handling of food, I noted the following:

4

> "To prevail on his First Amendment retaliation claim, [Scruggs] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).
>
> Here, Scruggs's complaints about food safety conditions at the prison, if true, could constitute protected speech. Based on the allegations contained in the complaint, these defendants made the decision to place him in a filthy cell and deprive him of his personal effects based on his protected speech. Though further fact finding may reveal otherwise, Scruggs has adequately plead his retaliation claim.

ECF 10 at 4.

In their motion for judgment on the pleadings, defendants assert that Scruggs's complaint does not adequately plead a link between the protected activity and the deprivation. ECF 285 at 4. Defendants fault Scruggs for not pleading "facts that specifically state how or why the cell transfer order was issued." *Id.* They suggest the complaint should "outlin[e] Defendants' thought patterns or professional reasoning in relation to the transfer." *Id.* They again set forth plausible explanations inconsistent with liability: "it is entirely plausible that that [sic] these Defendants had no knowledge of Plaintiff's complaints, or otherwise made their decision in accordance with the facility's standard penological objectives as would be typical." *Id.* These explanations certainly are plausible, and they had the opportunity to develop them during discovery. But it is also plausible that the decision to place him in a filthy cell was based on his speech, an inference which I found reasonable at the screening stage, based on the complaint as a whole. This includes the timeline leading up to this occurrence, and the

5

frequency and manner in which Scruggs made his complaints known. During the attack, Sgt. Miller allegedly said that Scruggs "would learn to keep his mouth close[d]." ECF 2 at 3. He was taken to the filthy cell immediately after this attack. *Id.* And, when Scruggs told the officers that they needed to clean the cell, they responded by saying that they had the prior offender removed "just so they could put [Scruggs] in [the other offenders] shitty cell." *Id.* The defendants have pointed to no manifest error of law or fact my conclusion that these allegations state a claim.

The defendants also argue that, for the same reasons that are outlined above, they are entitled to qualified immunity. "Qualified immunity protects government officials from civil liability when performing discretionary functions so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001) (internal quotation marks and citation omitted). Here, the pleadings provide insufficient facts to permit me to conclude that the defendants conduct did not violate Scruggs's clearly established rights under the First and Eighth amendments. *See Delgado v. Jones*, 282 F.3d 511, 521 (7th Cir. 2002). While the matter may have been suitable for summary judgment, the defendants opted not to file a motion for summary judgment by the deadline.

Finally, Scruggs filed a motion asking for additional time to respond to the motion for judgment on the pleadings, or alternatively, for a stay in briefing. ECF 286. Because the defendants' motion must be denied even in the absence of a response from Scruggs, his motion for additional time or a stay in briefing will be denied.

For these reasons, the court:

(1) DENIES Christopher L. Scruggs's motion for additional time or a stay in briefing (ECF 286); and

(2) DENIES Defendants' Motion for Partial Judgment on the Pleadings (ECF 284).

SO ORDERED on April 21, 2021.

s/ Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT